UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:21-po-0511-HBK |
| Plaintiff, | ORDER DNEYING MOTION TO DIMISS, CONTINUING INITIAL APPEARANCE AND APPOINTING COUNSEL |
| v. | |
| SALVADORE RAMOS, | (Doc. No. 5) |
| Defendant. | |

    Pending before the Court is defendant's *pro se* motion to quash warrants and/or fine; or in the alternative sentence in abstentia to concurrent term, incorporating a motion for appointment of counsel. (Doc. No. 5, "motion"). On or about July 17, 2021, defendant was changed with three Violation Notices: (1) engaging in an activity subject to a permit requirement without a permit in violation of 36 C.F.R. § 1.6(g)(1) (No. 09910695); (2) exceeding the posted speed limit (50 mph in 25 mph zone) in violation of 36 C.F.R. 4.21(c) (No. 09910694); and (3) driving without a license in violation of 36 C.F.R. § 4.2(b), incorporating California Vehicle Code 12500(a) (No. 09910696).

    Defendant did not appear for his initial appearance which was scheduled before the undersigned for December 14, 2021 at 1:00 p.m. According to the motion, defendant is currently incarcerated in the Arizona State Prison Complex facility located at A.S.P.C. Kingman. (Doc. No. 5 at 1). Defendant requests the court to dismiss the current violation notices or seeks to be

sentenced "in absentia to a concurrent term now being served." (*Id.*). Defendant further seeks appointment of counsel. (*Id.* at 2).

The Court denies the motion to the extent it seeks pretrial dismissal of the violations. A pretrial motion to dismiss seeks dismissal on a question of law. *See United States v. Schulman*, 817 F.2d 1355, 1358 (9th Cir. 1987). In ruling on such a motion, "the district court is bound by the four corners of the indictment." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014); *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("On a motion to dismiss an indictment for failure to state an offense the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged."). The court asks only whether a crime has been alleged. *United States v. Milovanovic*, 678 F.3d 713, 717 (9th Cir. 2012). Rule 12 motions cannot be used to determine "general issues of guilt or innocence." *Boren*, 278 F.3d at 914 (citation omitted). In other words, the question before the court is not one of plaintiff's guilt or innocence but instead a question of if the United States has alleged defendant has committed a crime. Having reviewed each Statement of Probable Cause, the court concludes the Violation Notices sufficiently allege defendant violated Title 36 C.F.R. § 1.6(g)(1) (No. 09910695); 36 C.F.R. 4.21(c) (No. 09910694); and (3) 36 C.F.R. § 4.2(b), incorporating California Vehicle Code 12500(a) (No. 09910696). (Doc. Nos. 1-2, 3-2, 4-2).

The Court in the interests of justice and pursuant to the U.S. CONST., amend VI and 18 U.S.C. § 3006A, appoints Griffin Estes from the Office of the Federal Defender as counsel for defendant. The court will not sentence defendant in abstentia but instead will continue defendant's initial appearance to **Tuesday, April 19, 2022 at 1:00 p.m**., absent appointed counsel moving for an earlier hearing.

DONE AND ORDERED

Dated:   December 16, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE